**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-80063-CR-Middlebrooks/Brannon

UNITED STATES OF AMERICA

v.

BART GERARD GATZ,

    Defendant.

_____/

FILED BY KJZ D.C.
Aug 28, 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MOTION TO SEAL

The United States of America, by and through the undersigned Assistant United States Attorney, hereby requests this Honorable Court to seal the attached Information and supporting documentation with the exception of furnishing copies to the defendant, defendant's counsel, and any law enforcement agents involved in investigating matters related to this case, until such time as the defendant appears for his initial appearance or until further order of the Court. This request is made due to the fact that an Information is being filed in lieu of Indictment. As the Court is aware, grand juries are currently suspended under administrative orders issued by the Chief Judge. Upon information and belief, the defendant will not consent to proceed by way of Information, which will likely necessitate dismissing the Information and seeking an indictment when the grand jury is back in session.

The government makes this request in good faith to allow the defendant an opportunity to formally advise the government and the Court regarding his position on waiving Indictment before public disclosure of criminal accusations are made.

Wherefore the United States requests that the Motion to Seal be granted.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: *Roger H. Stefin*
ROGER H. STEFIN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar no. 0287334
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel: (561) 820-8711, ext. 41055
Fax: (561) 820-8777
Roger.stefin@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-80063-CR-Middlebrooks/Brannon

UNITED STATES OF AMERICA

v.

BART GERARD GATZ,

Defendant.

_____/

FILED BY KJZ D.C.

Aug 28, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER TO SEAL

This cause came before this Court on the Government's Motion to Seal. The Court being fully advised in the premises, it is hereby:

ORDERED AND ADJUDGED that the Government's Motion is hereby granted, and the Clerk of the Court shall seal the Information and supporting documentation with the exception of allowing the government to furnish copies to the defendant, defendant's counsel and any law enforcement agents involved in investigating matters related to this case until further order of the Court.

DONE AND ORDERED at West Palm Beach, Florida, this 28th day of August.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80063-CR-Middlebrooks/Brannon

18 U.S.C. § 371
42 U.S.C. §1320a-7b
18 U.S.C. § 2

UNITED STATES OF AMERICA

v.

BART GERARD GATZ,

Defendant.

_____/

FILED BY KJZ D.C.

Aug 28, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

1.  Defendant **BART GERARD GATZ** was a licensed osteopathic doctor in the State of Florida, with medical offices located in Palm Beach County, in the Southern District of Florida. Defendant **BART GERARD GATZ's** specialty was pain management.

### The Medicare Program

2.  The Medicare Program ("Medicare") is a federally-funded health care program providing benefits to people 65 years of age or older, or disabled. Medicare is administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency within the U.S. Department of Health and Human Services ("HHS"). Individuals who receive Medicare benefits are referred to as Medicare "beneficiaries."

1

3. Medicare is a "Federal health care program" as defined in Title 42, United States Code, Section 1320a-7b(f) and a "health care benefit program" as defined in Title 18, United States Code, Section 24(b).

4. Medicare is divided into four parts: hospital insurance (Part A), medical insurance (Part B), Medicare Advantage (Part C), and prescription drug benefits (Part D).

5. CMS contracts with drug plan sponsors to administer the Medicare Part D program and provide prescription drug benefits to Medicare beneficiaries. The plan sponsors decide which drugs they cover and how much they will pay for those medications. CMS, through the federal treasury, reimburses the Part D plan sponsors for the covered drugs.

6. In order for Medicare to pay for medications, they must be prescribed by a physician. Physicians may enroll as Medicare providers. To enroll in Medicare, providers have to agree to abide by all provisions of the Social Security Act, the regulations promulgated under the Act, and applicable policies, procedures, rules, and regulations issued by CMS and its authorized agents and contractors.

7. Medicare regulations require health care providers enrolled with Medicare to maintain complete and accurate patient medical records reflecting the medical assessment and diagnoses of their patients, as well as records documenting actual treatment of the patients to whom services were provided.

8. Medicare pays for claims only if the services were medically reasonable and necessary. Medicare will not pay for medications if the prescriptions were written in exchange for a bribe or kickback. Additionally, except in limited circumstances, Medicare will not pay for drugs that are prescribed or dispensed "off-label," that is, for indications or usage that has not been specificallyapproved by the U.S. Food and Drug Administration "(FDA").

## INSYS and SUBSYS

9. Insys Therapeutics, Inc. ("Insys"), was an American specialty pharmaceutical company based in Chandler, Arizona.

10. In or around January 2012, the FDA approved Insys' application to sell and market a drug named Subsys® to patients suffering from breakthrough cancer pain. Breakthrough cancer pain is a sudden, short-term increase in pain that may occur in patients who have chronic pain from cancer.

11. Subsys was a potent opioid designed to rapidly enter a patient's bloodstream upon being sprayed under the tongue (i.e., "sublingual"). Subsys contained fentanyl, which is a synthetic opioid pain reliever that was classified as a Schedule II controlled substance under the Controlled Substances Act, meaning that it has a high potential for abuse. Fentanyl is approximately 50 to 100 times more potent than morphine.

12. The FDA approved Subsys solely for the "management of breakthrough pain in adult cancer patients who were already receiving and who were tolerant to around-the-clock opioid therapy for their underlying persistent cancer pain."

13. Subsys was in a category of drugs known as Transmucosal Immediate Release Fentanyl (TIRF"). Because of the risk of misuse, abuse, addiction, and overdose associated with TIRF drugs, including Subsys, only practitioners enrolled in the FDA-mandated TIRF Risk Evaluation and Mitigation Strategy program (the "TIRF REMS Program") were allowed to prescribe TIRF drugs. Practitioners were required to complete training and testing to enroll in the TIRF REMS Program.

14. Defendant **BART GERARD GATZ** was enrolled in the TIRF REMS program as a dispensing provider.

15.   Insys manufactured and sold Subsys in dosage strengths of 100, 200, 400, 600, 800, 1,200 and 1600 micrograms.

16.   Subsys was an expensive and profitable drug for Insys. The approximate average retail cost of a one-month supply of four daily doses of Subsys at 100 micrograms was $3,000. Higher dosage strengths were more expensive. The approximate average retail cost of a one-month supply of four daily doses of Subsys at 800 micrograms was $15,000.

## INSYS SPEAKER PROGRAM

17.   In or about March 2012, Insys instituted a "Speaker's Program," supposedly to have qualified doctors give presentations to other health care professionals to educate them about the benefits/risks of Subsys. Doctors selected as speakers would receive an "honorarium" of between $1,500 - $3,000 per presentation, depending on whether the speaker was designated as a local, regional or national speaker.

18.   Like many other pharmaceutical manufacturers, Insys adopted the Pharmaceutical Research and Manufacturers of America's Code on Interactions with Healthcare Professionals (the "PhRMA Code"). The PhRMA Code provided, among other things, that employees of pharmaceutical manufacturers were prohibited from offering anything of value to a person intending to influence that person to recommend or purchase a product or service that might be reimbursed by the federal government.

19.   Under the PhRMA Code, entertainment or recreational benefits should not be offered to health care professionals "regardless of (1) the value of the items, (2) whether the company engages the healthcare professional as a speaker or consultant, or (3) whether the entertainment or recreation is secondary to an educational purpose."

20. With respect to Speaker Programs, the PhRMA Code required pharmaceutical companies to "ensure that speaking arrangements [were] neither inducements nor rewards for prescribing a particular medicine or course of treatment" and that "decisions regarding the selection or retention of healthcare professionals as speakers [were] based on defined criteria such as general medical expertise and reputation, knowledge and experience regarding a particular therapeutic area, and communication skills."

21. The defendant, **BART GERALD GATZ,** was selected as a speaker for Insys and from approximately August 2012 through August 2015 was paid approximately $260,000 by Insys, purportedly for speaking engagements.

## COUNT I
## CONSPIRACY
## (18 U.S.C. § 371)

22. Paragraphs 1 through 21 of the General Allegations Section of this Indictment are realleged and incorporated by reference herein.

23. From as early as August 2012, through on or about August 31, 2015, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**BART GERARD GATZ,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with others known and unknown to the United States Attorney, to commit an offense against the United States, that is:

a) to knowingly and willfully solicit and receive and cause to be received remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, in return for ordering, arranging for and recommending purchasing and ordering of goods and items for which payment may be made in whole or in part under a

5

federal health care program, in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(B); and

b) to knowingly and willfully offer and pay, and cause to be offered and paid remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, to induce a person to order, arrange for ordering and recommend ordering goods and items for which payment may be made in whole or in part under a Federal health care program, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(B).

## OBJECT OF THE CONSPIRACY

24. It was an object of the conspiracy that the defendant, **BART GERALD GATZ,** and others would unlawfully enrich themselves by soliciting, receiving, offering and paying kickbacks in the form of "speaker fees," and other monetary and non-monetary benefits to doctors in exchange for their writing prescriptions for Subsys.

## MANNER AND MEANS

25. The manner and means by which the defendant and co-conspirators sought to accomplish the unlawful aims of this conspiracy included, but were not limited to the following:

   a. It was part of the conspiracy that, in or about August 2012, co-conspirator principals and employees of Insys launched the Insys speaker's program, ostensibly for education purposes, but, in reality as a means to pay kickbacks to high-prescribing medical practitioners of Subsys®.

   b. It was a further part of the conspiracy that, in or about August 2012, the defendant, **BART GERARD GATZ,** was solicited by one or more co-conspirators and agreed to participate in the Insys speaker's program with

6

       the understanding that the defendant would write prescriptions for Subsys for his patients.

c.    It was a further part of the conspiracy that the defendant, **BART GERARD GATZ,** would receive frequent payments from Insys for so-called speaker events, when, in reality, the defendant would simply make an informal appearance, late appearance, or no appearance at all. In some instances the "event" would simply consist of meals at high end restaurants. At others, the "event" would consist of the defendant's accompanying a sales representation to visit a pharmacy and spending several minutes speaking with the pharmacist- if at all. For these, including "no shows," the defendant would be paid as much as $3,000 per "event."

d.    It was a further part of the conspiracy that the defendant, **BART GERARD GATZ,** would solicit and receive other monetary and non-monetary benefits, including entertainment and recreational benefits as well as inducing Insys to hire his then-girlfriend as a sales representative. The girlfriend would then receive commissions and bonuses based in large part on the defendant's volume of writing Subsys prescriptions.

e.    It was a further part of the conspiracy that, in exchange for receiving the speaker fee payments and the other benefits described above, the defendant, **BART GERARD GATZ,** was expected to and did place a number of his patients on Subsys, resulting in a substantial profit to Insys.

f.    It was a further part of the conspiracy that the defendant, **BART GERARD GATZ**, would permit Insys sales representatives to review confidential

   patient files in an effort to increase the number of patients who would be placed on Subsys.

g.  It was a further part of the conspiracy that the defendant, **BART GERARD GATZ**, would write prescriptions for patients who did not meet the criteria established by the FDA in approving the drug, that is, he would write prescriptions "off label" for persons who were not suffering from breakthrough cancer pain.

h.  It was a further part of the conspiracy that the defendant, **BART GERALD GATZ,** would permit employees of Insys to handle matters related to insurance claims for Subsys prescriptions, resulting in false and misleading statements being made to health care insurance companies to facilitate payment approval.

## OVERT ACTS

26.  In furtherance of the conspiracy and to effect the object thereof, one or more of the conspirators, committed and caused to be committed at least one of the following overt acts in the Southern District of Florida, to wit: on or about the dates as set forth below, the defendant received payments from Insys, each payment and receipt of payment constituting a separate overt act:

| OVERT ACT | DATE | CHECK # | AMOUNT | PROGRAM NUMBER |
|---|---|---|---|---|
| 1 | 8/20/2012 | 12205 | $ 7,200.00 | UNK |
| 2 | 9/28/2012 | 12255 | $ 4,800.00 | UNK |
| 3 | 10/9/2012 | 12328 | $ 2,400.00 | UNK |
| 4 | 10/12/2012 | 12358 | $ 2,400.00 | UNK |
| 5 | 10/23/2012 | 13290 | $ 2,400.00 | UNK |
| 6 | 11/9/2012 | 12508 | $ 2,400.00 | UNK |
| 7 | 11/14/2012 | 12528 | $ 3,600.00 | UNK |
| 8 | 11/20/2012 | 12550 | $ 2,400.00 | UNK |

| OVERT ACT | DATE | CHECK # | AMOUNT | PROGRAM NUMBER |
|---|---|---|---|---|
| 9 | 11/21/2012 | 12591 | $ 2,400.00 | UNK |
| 10 | 11/27/2012 | 13285 | $ 2,400.00 | UNK |
| 11 | 1/22/2013 | 9877 | $ 3,500.00 | UNK |
| 12 | 2/5/2013 | 10100 | $ 2,400.00 | UNK |
| 13 | 2/26/2013 | 10345 | $ 2,400.00 | UNK |
| 14 | 2/26/2013 | 10405 | $ 2,400.00 | UNK |
| 15 | 3/15/2013 | 10456 | $ 2,400.00 | UNK |
| 16 | 3/18/2013 | 10534 | $ 4,800.00 | UNK |
| 17 | 3/27/2013 | 10624 | $ 7,200.00 | UNK |
| 18 | 4/2/2013 | 10667 | $ 2,400.00 | UNK |
| 19 | 4/15/2013 | 10797 | $ 2,400.00 | UNK |
| 20 | 5/20/2013 | 11116 | $ 7,200.00 | UNK |
| 21 | 8/12/2013 | 12128 | $ 4,800.00 | UNK |
| 22 | 9/11/2013 | 12453 | $ 6,000.00 | UNK |
| 23 | 9/16/2013 | 12534 | $ 4,800.00 | UNK |
| 24 | 10/15/2013 | 13024 | $ 2,500.00 | UNK |
| 25 | 12/23/2013 | 1095 | $ 3,600.00 | UNK |
| 26 | 1/29/2014 | 1485 | $ 3,600.00 | UNK |
| 27 | 2/4/2014 | 1571 | $ 2,400.00 | UNK |
| 28 | 2/11/2014 | 1702 | $ 3,600.00 | UNK |
| 29 | 2/19/2014 | 1807 | $ 2,400.00 | UNK |
| 30 | 3/13/2014 | 2147 | $ 2,400.00 | UNK |
| 31 | 5/5/2014 | 2886 | $ 3,000.00 | UNK |
| 32 | 5/14/2014 | 3002 | $ 9,000.00 | UNK |
| 33 | 5/21/2014 | 3107 | $ 6,000.00 | UNK |
| 34 | 7/2/2014 | 3711 | $ 495.00 | UNK |
| 35 | 7/11/2014 | 25340 | $ 1,500.00 | 8018JL1114BE |
| 36 | 7/11/2014 | 25339 | $ 3,000.00 | 8018JL1114AE |
| 37 | 7/15/2014 | 25413 | $ 3,000.00 | 8018JL1514EA |
| 38 | 7/15/2014 | 25415 | $ 1,500.00 | 8018JL1514EB |
| 39 | 7/9/2014 | 25341 | $ 3,000.00 | 8202JL0914E |
| 40 | 7/25/2014 | 25542 | $ 3,000.00 | 8018JL2514E |
| 41 | 8/11/2014 | 25997 | $ 3,000.00 | 8018AU1114E |
| 42 | 8/12/2014 | 25992 | $ 3,000.00 | 8018AU1214E |
| 43 | 8/18/2014 | 26128 | $ 1,500.00 | 8018AU1814EA |
| 44 | 8/22/2014 | 26163 | $ 3,000.00 | 8018AU2214E |
| 45 | 8/25/2014 | 26300 | $ 3,000.00 | 8018AU2514E |
| 46 | 8/26/2014 | 26302 | $ 3,000.00 | 8018AU2614E |
| 47 | 10/1/2014 | 26898 | $ 3,000.00 | 8018OC0114E |

| OVERT ACT | DATE | CHECK # | AMOUNT | PROGRAM NUMBER |
|---|---|---|---|---|
| 48 | 10/3/2014 | 26949 | $ 3,000.00 | 8018OC0314E |
| 49 | 10/6/2014 | 27007 | $ 3,000.00 | 8018OC0614E |
| 50 | 10/9/2014 | 27091 | $ 4,700.00 | 8012OC0914E |
| 51 | 10/10/2014 | 27151 | $ 2,350.00 | 8012OC1014EB |
| 52 | 10/10/2014 | 27152 | $ 4,700.00 | 8012OC1014EA |
| 53 | 10/7/2014 | 27247 | $ 3,000.00 | 8018OC0714E |
| 54 | 10/10/2014 | 27433 | $ 488.71 | 8012OC1014EA |
| 55 | 10/21/2014 | 27513 | $ 3,000.00 | 8018OC2114EB |
| 56 | 10/22/2014 | 27504 | $ 3,000.00 | 8018OC2214E |
| 57 | 10/23/2014 | 27492 | $ 3,000.00 | 8018OC2314E |
| 58 | 10/27/2014 | 27605 | $ 3,000.00 | 8018OC2714E |
| 59 | 10/28/2014 | 27524 | $ 1,500.00 | 8018OC2814EA |
| 60 | 10/28/2014 | 27617 | $ 3,000.00 | 8018OC2814E |
| 61 | 12/17/2014 | 28388 | $ 3,000.00 | 8018DE1714EB |
| 62 | 1/14/2015 | 28740 | $ 3,000.00 | 8037JA1415E |
| 63 | 1/13/2015 | 28726 | $ 3,000.00 | 8037JA1315EA |
| 65 | 1/12/2018 | 28717 | $ 3,000.00 | 8037JA1215EA |
| 66 | 1/20/2015 | 28997 | $ 3,000.00 | 8037JA2015E |
| 67 | 1/21/2015 | 28926 | $ 3,000.00 | 8037JA2115E |
| 68 | 1/26/2015 | 29089 | $ 3,000.00 | 8037JA2615E |
| 69 | 1/27/2015 | 29094 | $ 3,000.00 | 8037JA2715E |
| 70 | 1/28/2015 | 29041 | $ 3,000.00 | 8037JA2815E |
| 71 | 1/29/2015 | 29056 | $ 3,000.00 | 8037JA2915E |
| 72 | 2/11/2015 | 29338 | $ 3,000.00 | 8037FB1115E |
| 73 | 2/19/2015 | 29502 | $ 3,000.00 | 8102FB1915E |
| 74 | 2/20/2015 | 29507 | $ 4,700.00 | 8038FB2015E |
| 75 | 2/24/2015 | 29571 | $ 3,000.00 | 8102FB2415E |
| 76 | 2/26/2015 | 29595 | $ 3,000.00 | 8102FB2615EX |
| 77 | 3/3/2015 | 29695 | $ 3,000.00 | 8037MR0315E |
| 78 | 4/1/2015 | 30195 | $ 3,000.00 | 8037AP0115E |
| 79 | 4/7/2015 | 30322 | $ 3,000.00 | 8037AP0715E |
| 80 | 4/8/2015 | 30335 | $ 3,000.00 | 8037AP0815E |
| 81 | 6/23/2015 | 32415 | $ 3,000.00 | 8125JN2315EX |
| 82 | 8/31/2015 | 33533 | $ 3,000.00 | 8037AP1515EB |

All in violation of Title 18, United States Code, Section 371.

## COUNT II
## ILLEGAL REMUNERATION
## (42 U.S.C § 1320A-7B)

27. Paragraphs 1 through 21 of the General Allegations Section of this Indictment are realleged and incorporated by reference herein.

28. On or about August 31, 2015, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**BART GERALD GATZ,**

did knowingly and willfully receive solicit and remuneration, that is, a bribe or kickback, in return for ordering, arranging for and recommending purchasing and ordering goods and items for which payment may be made in whole or in part under Medicare, a federal health care program, in that the defendant did solicit and receive a payment from Insys in the amount of $3,000 in return for writing prescriptions for Subsys, in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(B) and Title 18, United States Code, Section 2.

*[signature]*
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

*[signature: Roger H. Stefin]*
ROGER H. STEFIN
ASSISTANT UNITED STATES ATTORNEY

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

BART GERARD GATZ

_____Defendant._____/

CASE NO. 20-80063-CR-Middlebrooks/Brannon

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New defendant(s)           Yes _____  No _____
Number of new defendants   _____
Total number of counts     _____

**Court Division**: (Select One)
___ Miami      ___ Key West
___ FTL    ✓   WPB    ___ FTP

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   No
   List language and/or dialect   _____

4. This case will take  20  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                              (Check only one)

   I    0 to 5 days       _____            Petty    _____
   II   6 to 10 days      _____            Minor    _____
   III  11 to 20 days       ✓              Misdem.  _____
   IV   21 to 60 days     _____            Felony     ✓
   V    61 days and over  _____

6. Has this case previously been filed in this District Court?   (Yes or No)   No
   If yes: Judge _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes _____   No  ✓

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes _____   No  ✓

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   Yes _____   No  ✓

_Roger H. Stefin_
ASSISTANT UNITED STATES ATTORNEY
ROGER H. STEFIN

*Penalty Sheet(s) attached                                               REV 6/5/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** BART GERARD GATZ

**Case No:** 20-80063-CR-Middlebrooks/Brannon

Counts #: 1

Conspiracy 18 U.S.C. § 371

\* **Max.Penalty**: 5 years' incarceration, $250,000 fine, 3 year supervised release

Counts #: 2

Illegal Remuneration 42 U.S.C. § 1320a-7b

\* **Max.Penalty**: 5 years' incarceration, $250,000 fine, 3 year supervised release

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 20-80063-CR-Middlebrooks/Brannon

## BOND RECOMMENDATION

DEFENDANT: BART GERARD GATZ

$25,000 Personal Surety
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: *Roger H. Stefin*
AUSA: ROGER H. STEFIN

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s): FBI SA Wende Bardfeld
(FBI)  (SECRET SERVICE)  (DEA)  (IRS)  (ICE)  (OTHER)

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| BART GERARD GATZ | ) | |
| | ) | 20-80063-CR-Middlebrooks/Brannon |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

, U.S. Magistrate Judge
*Judge's printed name and title*