UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

vs.                                         CASE NO. 20-80063-MIDDLEBROOKS(s)

BART GERARD GATZ.
_____/

# BART GATZ'S RESPONSE TO MOTION TO DISMISS INFORMATION WITHOUT PREJUDICE

Bart Gatz, through counsel, respectfully requests that this Court deny as moot the Government's Motion to Dismiss the Information Without Prejudice.

On July 13, 2023, almost three years after the statute of limitations expired in this case, and almost eight months after the appeal was decided (the Eleventh Circuit opinion is dated November 22, 2022, and the mandate issued on January 31, 2023), the Government filed a sealed "Superseding Indictment" against Dr. Gatz. (It is our position that this is just a regular old indictment, not a superseding indictment, since the Information was invalid.) This "Superseding Indictment" is the operative charging instrument, which is currently subject to a motion to dismiss as violating the statute of limitations.

Dr. Gatz has now been arraigned on the "Superseding Indictment." Because the "Superseding Indictment" is the operative charging instrument in this case, the Government's Motion to Dismiss the Information is moot and should be denied, as it is no longer the operative charging document. It is a nullity in light of the Indictment. We are unaware of any provision or case that allows for the Government to dismiss a prior charging instrument (which in this case, the

defense says in invalid, and the Government says has been superseded).[1]

The real reason the Government is belatedly moving to dismiss the Information is because it realizes that it jumped the gun in filing the Superseding Indictment, which it can only do *after* the Information is dismissed. In the Government's just-filed response to our motion to dismiss the Superseding Indictment, it says that it can file under 18 U.S.C. 3288 within 6 months of dismissal of an information. Response at 19-20. We explain in our pleading why this is incorrect and why it is only 60 days. So, if the Eleventh Circuit's opinion effectively acted as a dismissal, then the Government waited too long. If the opinion did not act as a dismissal (as the Government says, Response at 21), then the Government could not have indicted Dr. Gatz until after the Information was dismissed, per Section 3282(a) (explaining that a "new indictment may be returned" only after an "information charging a felony is dismissed"). The Government realizing the problem now says that any error it committed with this procedure "is harmless." Response at 19, n. 4.

We can debate these points in the litigation surrounding the Motion to Dismiss the Superseding Indictment. For purposes of this issue – whether the Information should be dismissed without prejudice – the Court should deny the motion as moot since the Government filed a Superseding Information.

Respectfully submitted,

**MARKUS/MOSS PLLC**
40 N.W. Third Street
Penthouse One
Miami, Florida 33128
Tel: (305) 379-6667

---

[1] For example, when the Government files a Criminal Complaint or an Information, it does not move to dismiss those instruments after filing an Indictment. The Indictment simply replaces the initial charging instrument.

        Fax: (305) 379-6668
        markuslaw.com

By:    <u>/s/ David Oscar Markus</u>
        DAVID OSCAR MARKUS
        Florida Bar Number 119318
        dmarkus@markuslaw.com

        <u>/s/ Lauren Doyle Perez</u>
        Lauren Doyle Perez
        Florida Bar Number 117687
        ldoyle@markuslaw.com