UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80063-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BART GERARD GATZ,

    Defendant.

_____/

FILED BY _____ D.C.

DEC - 1 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## **ORDER ON REMAND**

The Court of Appeals vacated my dismissal order and remanded this case, concluding that I erred in applying the "leave" requirements for dismissing an information under Rule 48(a). The underlying Information (DE 3) is therefore in effect, and I was instructed to reconsider its dismissal. Faced with the Government's First Motion to Dismiss the Information Without Prejudice (DE 32), I decline to dismiss the Information. The Motion is denied for lack of jurisdiction.

The facts are laid out in the opinions of the appellate court, and I won't repeat them here. Suffice it to say that on August 28, 2020, the Government filed an information charging Defendant Bart Gerard Gatz with two felony counts. The Government knew that the Defendant would not agree to waiver of indictment. On August 31, 2020, the day the five-year statute of limitations expired, the Government served the Information on the Defendant at 6:33 p.m.

The Government then sought dismissal of the Information pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. The Government initially submitted an "Order of Dismissal" to the Court via email to my courtroom deputy on September 2, 2020. The proposed Order of

Dismissal was also served on defense counsel, which prompted Defendant's responsive filing in the court record the following day, September 3, 2020. (DE 5). Rule 47, however, mandates that "[a] party applying to the court for an order must do so by motion." Fed. R. Crim. P. 47. The Government sought an order of this Court but did not do so by way of motion. At the time, I construed the Government's proposed Order of Dismissal as a motion and caused it to be entered in the court record as a Motion to Dismiss Information on October 7, 2020, where it now appears at Docket Entry 8.

The proposed order requested dismissal without prejudice, stating an intention to indict the Defendant when grand juries returned to regular session. The proposed order further stated that Defendant's counsel agreed that the matter should be dismissed but asserted that it should be dismissed with prejudice because the statute of limitations had expired.

Defendant filed a response to the Government's proposed order, asking that dismissal be with prejudice. (DE 5). Then Defendant filed a Supplement Seeking Alternative Relief (DE 6) stating that the Information should have been immediately dismissed as invalid but that the defense had not been noticed of its existence until Monday, August 31, 2022 at 6:33 pm. It was not possible for the Defendant to have moved to dismiss the Information prior to the end of the applicable statute of limitations. The Defendant asked that the Order of Dismissal be entered *nunc pro tunc*, with an effective date of August 28, 2020, the date the information was filed. (DE 6). The Government responded. (DE 7).

I ordered supplemental briefing, reserved ruling on the Government's proposed order, and denied the Defendant's request for a *nunc pro tunc* dismissal. (DE 9). Briefing took place on the Rule 48(a) issue, I held oral argument and I entered my Order of Dismissal on January 11, 2021. (DE 19).

I believe I erred by construing the proposed Order of Dismissal (DE 8) as a Motion and proceeding on the Rule 48(a) question that was improperly before me. At the time, I considered simply not signing the Government's Order of Dismissal, a course of action I now believe upon further reflection and study would have been correct. The Information before me was a legal nullity and did not give this Court jurisdiction to act. The Government's actions did not in fact implicate Rule 48(a), but both Parties requested that I dismiss the Information, and the question presented to me was whether the dismissal should be with or without prejudice. The Eleventh Circuit vacated my dismissal and has allowed me now the chance to correct my error and reconsider what action to take on the Information filed on August 28, 2020.

Even at this stage in the proceedings, "the first and fundamental question is that of jurisdiction," and the Court "is bound to ask and answer [that question] for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'") (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 11 U.S. 379, 384 (1884)).

In *Ex Parte Wilson*, 114 U.S. 417, 429 (1884), the Supreme Court held that a district court in proceeding against a criminal defendant "without indictment or presentment by a grand jury, exceeded its jurisdiction." In *Smith v. United States*, 360 U.S. 1 (1959), the Supreme Court held that an unauthorized information "did not confer power on the convicting court to hear the case." 360 U.S. at 10. There, the Government had no authority to file an information charging a capital felony offense, even where the defendant had waived indictment, because the relevant Rule 7(a) at the time required all capital cases be prosecuted by indictment, notwithstanding a defendant's

willingness to waive. Here, the Government similarly lacked authority to file the unconsented Information under the current version of Rule 7(a). *See also US v. Teran*, 98 F. 3d 831, 835 (5th Cir. 1996) ("In the absence of a valid waiver, the lack of an indictment in a felony prosecution is a defect affecting the jurisdiction of the convening court."); *US v Machado,* 2005 WL 2886213 at *2 (D. Mass. Nov. 3, 2005) ("a court in possession of an information but not in possession of a waiver of indictment lacks subject matter jurisdiction over the case.").

  What should be done now? At oral argument on November 29, 2023, I asked the Parties and, as you might expect, I got a variety of responses. Counsel for the Defendant said that he should have raised the issue of jurisdiction and that there remains latitude to say now that there still is no jurisdiction. The Government contended that it ultimately did not matter what I did with the Information, stating, admittedly in the alternative, that dismissal of the Information was not necessary because the operative charging document was the Superseding Indictment that the Government filed on July 13, 2023. (DE 30). Government counsel stated, "I want to point out to the court that now that the Superseding Indictment has been returned, this motion [to dismiss the Information] by the Government was probably a belt and suspenders approach." Insofar as the Government acknowledged that dismissal of the Information is now just one way to proceed, and that dismissal is therefore not necessarily required, it varies in what it now asks the Court to do.

  There is an additional wrinkle perhaps. Footnote 4 of the Eleventh Circuit's majority opinion, while discussing options available to a court under Rule 48 and citing to a decision involving dismissal of an indictment states: "[i]f the presumption of good faith has not been overcome, the district court must grant 'leave' to dismiss the information." (DE 27 at 18).

  Since the Court of Appeals' decision expressly did not reach the issue of whether filing an information without a waiver of indictment is a legal nullity and insufficient to "institute" a

4

prosecution, I do not interpret the remand "for further proceedings consistent with [the] opinion" (*Id.* at 36) as precluding consideration of jurisdiction, nor do I interpret the footnote as mandating a specific outcome here.[1] If I am wrong about that, however, I have no intention of defying the mandate and would dismiss the Information without prejudice.

Based on the case law that jurisdiction must be the threshold question and that a district court in possession of an information but without possession of a waiver of indictment lacks subject matter jurisdiction, I find now that I do not have subject matter jurisdiction and decline to dismiss the Information, as I should have done in 2020.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1) The Government's Motion to Dismiss the Information Without Prejudice (DE 32) is **DENIED** for lack of subject matter jurisdiction.

2) The proposed Order of Dismissal (DE 8), signed by the United States Attorney and dated September 2, 2020, but only docketed by this Court on October 7, 2020, a copy of which is attached, remains unsigned by the Court.

**SIGNED** in Chambers at West Palm Beach, Florida, this 1st day of December, 2023.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

---

[1] The Eleventh Circuit has recognized that "[d]etermining the scope of a mandate can present problems [of] interpretation." *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506, 1511 (11th Cir. 1987). To give the mandate its full effect, the district court must examine the scope of the issues during appeal, *id.*, and "implement both the letter and the spirit of the mandate… taking into account the appellate court's opinion… and the circumstances it embraces." *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985).

# Attachment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-80063-CR-MIDDLEBROOKS/BRANNON

UNITED STATES OF AMERICA                                   <u>Under Seal</u>

vs.

BART GERARD GATZ,

　　　　Defendant.
_____/

## ORDER OF DISMISSAL

　　Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure and by leave of Court endorsed hereon, the United States Attorney for the Southern District of Florida hereby dismisses without prejudice the information against the above-named defendant because he has declined to waive indictment and proceed by information.

　　On August 11, 2020, Chief Judge K. Michael Moore issued Administrative Order 2020-53 In Re: Coronavirus Public Emergency, Sixth Order Concerning Jury Trials and Other Proceedings. See https://web.flsd.uscourts.gov/uploads/adminOrders/ 2020/2020-53.pdf. That order, in conjunction with prior orders, has suspended all grand jury sessions from April 3, 2020 until January 4, 2021, pending further Order of the Court.

　　Given the suspension of grand juries and the inability of the United States to present criminal matters for indictment until at least January 4, 2021, as well as concerns about the running of the statute of limitations in this particular case, the government filed the instant

information to "institute" it within the meaning of 18 U.S.C. § 3282(a). *See United States v. Burdix-Dana*, 149 F.3d 741, 743 (7th Cir. 1998). Gatz has represented to the government, through counsel, that he will not consent to proceed by information. Therefore, the government seeks to dismiss the information as to him at this time and will later, once the grand juries return to regular session, seek an indictment. *See* 18 U.S.C. §§ 3288-89.

The Government has conferred with counsel for Gatz who has been furnished a copy of the sealed information. Defense counsel agrees that the matter should be dismissed, but asserts that it should be dismissed "with prejudice as it does not comply with the constitutional right to presentment to a grand jury and is being done solely as an end-run against the statute of limitations, which has now expired." (Email from defense counsel dated 8/31/20).

The Government submits that there is no legal basis to dismiss the information with prejudice. As a general rule, dismissal with prejudice is an "extreme sanction" that the district court can impose "only in extraordinary circumstances." *United States v. Campagnuolo*, 592 F.2d 852, 865 (5th Cir. 1979). Such extraordinary circumstances include misconduct by the government but only if that misconduct actually prejudiced the defendant. *Id.* In dismissing an indictment, the Government is entitled to a presumption of good faith. *United States v. Matta*, 937 F.2d 567, 568 (11th Cir. 1991); *United States v. Dyal*, 868 F.2d 424, 428 (11th Cir. 1984)().

Here, the United States acted in good faith to protect against the running of the statute of limitations, given the Court ordered suspension of grand juries, by filing an information, in compliance with Section 3288 and case law such as *Burdix-Dana*. The

defendant has now exercised his right to decline to proceed by way of information, which he is entitled to do, but he is not thereby entitled to preclude the government from indicting him once grand juries resume. Moreover, no prejudice exists from dismissing this information without prejudice, because the defendant will not be precluded from raising statute of limitations issues or a claim of prejudice in the future, once the grand jury is back in session and an indictment has been returned.

Wherefore, the United States seeks leave to dismiss the information without prejudice.

Respectfully submitted,

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Leave of Court is **GRANTED** for the filing of the foregoing Dismissal without prejudice.

DATE: _____      _____
                           DONALD M. MIDDLEBROOKS
                           UNITED STATES DISTRICT JUDGE

cc:   U.S. Attorney (Roger H. Stefin, AUSA)
      U.S. Marshal
      Chief Probation Officer
      Pretrial Services